# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

D'ANTHONY L. CHATTAMS,

              Petitioner,         :    Case No. 1:13-cv-205

   - vs -                          District Judge Sandra S. Beckwith
                                       Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
Institution,

                            :

             Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for decision on the merits. Petitioner has filed the Petition (Doc. No. 1), a Motion to Amend Petition (Doc. No. 6), and a Traverse and Memorandum Contra to Respondent's Motion to Dismiss (Doc. No. 10). Respondent has filed an Answer/Return of Writ (captioned "Motion to Dismiss") (Doc. No. 8) and a Supplemental Return of Writ (Doc. No. 13).

Chattams pleads the following Grounds for Relief:

> **Ground One**: Due process and equal protection of law.
>
> A. Trial court failed to hold a hearing on Petitioner[sic] post-conviction relief petition.
>
> B. Trial court refused to allow amendment, that was timely, to Petitioner[sic] Postconviction petition.
>
> C. Trial court failed to issue findings of fact and conclusions of law, as it relates to Petitioner[sic] timely amendment to his post-conviction petition.

**Ground Two**: Ineffective assistance of appellate counsel in violation of Petitioner[sic] 6th and 14th Amend. rights.

**Supporting Facts:**

Appellate Counsel failed to turn over to the petitioner in a timely manner, the time Stamped copy of the 12th District Court of Appeals decision on Petitioner Direct Appeal, as of right, until after 30 day's had passed, which made it impossible to file a timely Direct Appeal to the Ohio Supreme Court and to file a Timely Application to Re-Open Direct appeal, 26(B), which greatly affected petitioner [sic] substantial and constitutional rights.

**Ground Three**: 4th and 14th Amendment violations [by obtaining DNA sample]; Equal Protection of law

**Ground Four**: Ineffective assistance of appellate counsel: 6th and 14th Amend. For failing to recognize and argue the following issues:


A.  Appellant had ineffective assistance of counsel during his trial, when Attorney of record failed to raise key and timely objections.

B. Appellant had ineffective assistance of counsel during trial, when attorney of record failed to properly prepare for trial.

C. Trial court errored [sic] by appointing an inexperienced attorney to represent the defendant in such a serious crime as Aggravated Robbery (where the only evidence is DNA).

D. Trial court erred by having a "motion in limine" hearing, in which, evidence was examine and reviewed by the Trial court without defendant[sic] presence, and without defendant's presence being waived by attorney of record.

E. Appellate Counsel's acts of omission in the assignments of error were deficient and prejudicial.

**Ground Five**: Ineffective Assistance of Trial Counsel.


A.  Failed to turn in petitioner Motion to Suppress Legal Brief as ordered by the Trial Court.

(Petition, Doc. No. 1.)

On May 22, 2014, Chattams unopposed motion to amend his third ground of relief was granted and the following was included:

> **Ground Three:** I. Ineffective Assistance of Trial Counsel, and II. Ineffective Appellate Counsel.
>
> **Supporting Facts:**
>
> Trial Counsel was ineffective for failing to Recognize and argue the fact that Petitioner was not under H.B. 427 & R.C. 2901.07 (eff. date 8/29/02). And H.B. 427 & R.C. 2901.07 was not Retro-Active, the Housebill Petitioner was under when he was convicted and Plead was H.B. 526 & R.C. 2901.07 (eff. date 9/1/98), Which exempted Petitioner from all D.N.A. Draws from the State of Ohio and the Ohio Department of Correction and Probation Departments. And, taken Petitioner D.N.A. and Profiling, And entering the Results in all 3 Databases, (Local-Statewide-National), was an illegal act in violation of R.C. 1.48, and the 4th Amendment.

(Motion to Amend, Doc. No.6.)

**Procedural and Factual History**

Chattams was indicted by the Butler County Grand Jury in 2005 on one count of Aggravated Robbery (R.C. 2911.01(A)(1)) with a firearm specification, Case No. CR2004-12-2242. (Return of Writ, Doc. No. 8-1, Exh. 1, PageID 81.) After a jury trial, Chattams was found guilty as charged. The trial court sentenced Chattams to an aggregate term of ten years imprisonment.

Chattams appealed to the Court of Appeals of Ohio, Twelfth Appellate District, Butler County, raising three assignments of error:

> 1. The trial court abused its discretion and violated Appellant's constitutional rights to counsel and due process by denying the

Appellant's motion to continue the trial date so that he could be represented by retained counsel of his choice.

2. Defendant-Appellant was improperly sentenced to more than the minimum term of imprisonment without the findings formerly required by R.C. 2929.19.

3. The court committed prejudicial error in determining the amount of restitution.

(Return of Writ, Doc. 8-1, Exh. 7, PageID 93.)

Pursuant to Loc. R. 6(A), the Butler County Court of Appeals, Twelfth Appellate District of Ohio *sua sponte* assigned this appeal to the accelerated calendar. *State v. Chattams*, 2007 Ohio App. LEXIS 2788 (Ohio Ct. App., Butler County June 18, 2007).

Appellant's statement of the facts of this case are set forth in his Brief filed on direct appeal as follows:

At approximately 4:00 pm on September 29, 1999, Orven Houchell was working alone in his Hamilton Jewelry and Stuff pawn shop at 2400 Pleasant Avenue in Hamilton Ohio. A black male wearing a trench coat, shower (flip flop) shoes, and a scarf tied around head and under chin came into the pawn shop and asked to see set of speakers near the back of the store. As Mr. Houchell reached up to retrieve the speakers, the black man shoved him into the small bathroom and stuck something in his side through the trench coat. Mr. Houchell believed the man had a gun stuck at his side. The robber then asked for Mr. Houchell's wallet. Mr. Houchell reached in his right rear pocket and pulled out his .25 automatic firearm instead. Mr. Houchell and his employees had a practice of keeping a gun in the store for protection. Mr. Houchell had a practice of keeping the gun loaded with one bullet in the chamber.

Mr. Houchell testified that the robber that grabbed him with both hands and jerked him out of the small bathroom. While the robber was holding his right arm which held the gun with both hands, Mr. Houchell was able to punch him with his left. A fight occurred and the victim was bleeding. Mr. Houchell testified he ended up on the ground with the robber on top of him and he held the gun under the robber's chin. Mr. Houchell pulled the trigger but the gun did not fire. The robber then got the gun from Mr. Houchell and beat him

> in the head with it. The robber then told Mr. Houchell to stay in the bathroom and he went out into the pawn shop and went through the cash register and jewelry case. While the robber was taking items, a customer Mr. Houchell recognized came in. That that time, Mr. Houchell came out of the bathroom and got between the customer and robber. The robber then ordered them both back to the bathroom.

(Return of Writ, Doc. 8-1, Exh. 7, PageID 98-99)(internal citations omitted.)

On June 19, 2007, the court of appeals affirmed the judgment of the trial court. (Return of Writ, Doc. 8-1, Exh. 9, PageID 144.)

On February 16, 2007, while his direct appeal was pending, Chattams, pro se, filed a petition to vacate or set aside judgment of conviction or sentence based on ineffective assistance of trial counsel. (Return of Writ, Doc. 8-1, Exh. 10, PageID 146.) Chattams' petition included an allegation that his trial attorney failed to properly prepare for trial and present a defense. On that same date, Chattams also filed a motion for appointment of counsel and a motion for expert assistance. On February 23, 2007, the trial court denied all pending motions as meritless. (Return of Writ, Doc. 8-1, Exh. 11, PageID 150.)

On July 27, 2007, Chattams filed an appeal captioned "Appeal Post-Conviction Judgment" in the CR2004-12-2242 case and was assigned Case No. CA2007-07-178. Chattams stated the judgment he was appealing was issued on July 19, 2007. (Return of Writ, Doc. 8-1, Exh. 12, PageID 151).

On August 21, 2007, the court of appeals dismissed the appeal indicating it was unclear whether Chattams was appealing the appellate court's June 19, 2007, decision on direct appeal or if Chattams was appealing the February 23, 2007, denial of his post-conviction petition. (Return of Writ, Doc. 8-1, Exh. 13, PageID 152.)

Chattams did not pursue an appeal of this decision to the Ohio Supreme Court.

On November 16, 2007, Chattams filed a notice of appeal and motion to file a delayed appeal from the court of appeals June 19, 2007, decision in Case No. CA2006-06-0146 to the Ohio Supreme Court.  (Return of Writ, Doc. 8-1, Exh. 14 and 15, PageID 153,  155.)  Chattams argued that based on several reasons, including his learning disorder and his inability to use the law library, he was unable to perfect his appeal in a timely manner.   Chattams' motion for delayed appeal was denied by the Ohio Supreme Court and the case was dismissed. (Return of Writ, Doc. 8-1, Exh. 16, PageID 169.)

On December 21, 2007, Chattams filed a delayed motion to reopen his direct appeal pursuant to App. R. 26(B) on the grounds that his appellate counsel was ineffective when she failed to present issues regarding the ineffective assistance of trial counsel on appeal.  (Return of Writ, Doc. 8-1, Exh. 17, PageID 170.)  The State opposed the application to reopen and on January 15, 2008, the court of appeals denied Chattams' 26(B) application. (Return of Writ, Doc. 8-1, Exh. 19, PageID 258.)

Chattams appealed the denial of his application to reopen to the Ohio Supreme Court under Case No. 08-451. In his memorandum in support of jurisdiction, Chattams set forth two propositions of law:

> I.     A delayed 26(B) motion to reopen direct appeal should be allowed when there is a showing of good cause for delay and there is a colorable showing that appellate counsel may have been ineffective on direct appeal.
>
> II.    During the appeals process, appellant is not only entitled to counsel, but effective assistance of counsel.

On May 7, 2008, the Ohio Supreme Court denied leave to appeal and dismissed the appeal "as not involving any substantial constitutional question."  *State v. Chattams,* 117 Ohio

St. 3d 1500, 2008-Ohio-2028 (2008).On September 10, 2008, Chattams filed a motion for

reconsideration with regard to the

court of appeals' June 19, 2007, decision on direct appeal and was denied on September 30,

2008. (Return of Writ, Doc. 8-1, Exh. 24, PageID 290.)

On December 16, 2008, Chattams filed a "motion to vacate void judgment, (using trial

court's inherent power), to set aside a void judgment, due to lack of jurisdiction of trial court."

(Return of Writ, Doc. 8-1, Exh. 25, PageID 291.)  Chattams argued that the indictment was

defective for failing to include the *mens rea*; therefore, the trial court was without jurisdiction to

convict him for aggravated robbery. On December 18, 2008, the motion to vacate was denied by

the court of appeals. (Return of Writ, Doc. 8-1, Exh. 26, PageID 302.)

On January 14, 2009, Chattams appealed the denial of his motion for post-conviction

relief to the court of appeals and Case No. CA2009-01-0011 was assigned. In his brief, he

asserted four assignments of error:

> 1. Trial Court erred when it based its decision on appellant's
> Motion to Vacate Void Judgment using faulty and untrue
> information.
>
> 2. Trial Court erred by construing Motion to Vacate Void
> Judgment (using Trial Court's inherent power) to set aside a void
> judgment due to lack of jurisdiction of trial as a motion for
> postconviction relief under R.C. 2953.21.
>
> 3. Trial Court failed to recognize that criminal law jurisdiction was
> lacking under R.C. 2901.11.
>
> 4. Aggravated Robbery R.C. 2911.01(a)(1) lacks the required mens
> rea element nor is it a strict-liability.

(Return of Writ, Doc. 8-1, Exh. 28, PageID 305.)Upon review of the briefing in the case, the

court of appeals found that Chattams' motion to vacate void judgment was untimely filed.

Accordingly, on November 23, 2009, the court of appeals overruled Chattams' assignments of

error without discussion and affirmed the judgment of the trial court. (Return of Writ, Doc. 8-1, Exh. 31, PageID 410.) On June 4, 2009, Chattams filed a notice of appeal and motion to file delayed appeal to the Ohio Supreme Court with regard to the September 30, 2008, denial of his motion for reconsideration in Case No. CA2006-06-146 and was assigned Case No. 09-1022. (Return of Writ, Doc. 8-1, Exh. 32 and 33, PageID 416-424.) The Ohio Supreme Court denied his motion for delayed appeal and dismissed the appeal on July 29, 2009. (Return of Writ, Doc. 8-1, Exh. 34, PageID 425.) On February 1, 2010, Chattams filed a motion to amend his original February 16, 2007, post-conviction petition, pursuant to R.C. 2953.21(5)(F). Chattams argued that the trial court failed to issue findings of fact and conclusion of law in its denial of his post-conviction petition; therefore, his petition remained pending before the trial court as a final appealable order had not been issued. In addition, Chattams attempted to raise the following claims for review:

> 1. Trial counsel was incompetent for failing to prepare for hearings and trial. Failed to obtain documents from his June 1st, 1999 conviction, that would have throwned [sic] out all D.N.A. evidence in the case at hand.
>
> 2. 4th Amendment violation - Illegal seizure of the Petitioner's D.N.A., under H.B. 427.

(Return of Writ, Doc. 8-1, Exh. 35, PageID 426.) On February 3, 2010, the trial court denied Chattams' motion to amend his original post-conviction petition.

On July 22, 2010, Chattams filed a Writ of Mandamus with the Twelfth District Court of Appeals. (Return of Writ, Doc. 8-1, Exh. 37, PageID 453.) Chattams requested the appellate court issue an order to have the trial court "issue findings of fact and conclusion of law in regards to all issues presented in his Post-Conviction Petition, and the Amendment to the original Post-Conviction Petition. . . . " and to "give additional guidance to whether a hearing should be held

in the case at hand, as the Trial Court, refuses to recognize a total miscarriage of justice, and the law as a whole." (Return of Writ, Doc. No. 8-1, Exh. 37, PageID 456.) On December 7, 2010, the court of appeals granted Chattams' petition for writ of mandamus and ordered the trial court to file findings of fact and conclusions of law. (Return of Writ, Doc. 8-1, Exh. 42, PageID 516.) On April 13, 2011, the trial court issued findings of fact and conclusions of law supplemental order denying Chattams' petition to vacate conviction. (Return of Writ, Doc. 8-1, Exh. 43, PageID 519.)

On June 7, 2011, Chattams filed a motion requesting an immediate injunction of the execution of his state sentence with the court of appeals and on June 20, 2011, the court of appeals denied the request for injunction. (Return of Writ, Doc. 8-1, Exh. 47, PageID 537.) Chattams appealed the denial of his request for immediate injunction to the Ohio Supreme Court and Case No. 11-1317 was assigned. In his memorandum in support of jurisdiction, Chattams asserted four propositions of law:

I. It is error to treat a "timely filed amended petition" for postconviction relief, as a separate proceeding, than the petition for postconviction itself.

II. A defendant has an absolute right to amend his petition pursuant to R.C. 2953.21(F) & Civ.R. 15(A), if trial court has not issued a final appealable order and the State has not respondent [sic] by answer or motion.

III. An "amended" petition, that is timely is deemed filed the date of the original petition.

IV. Trial court is required to consider a "timely" filed amendment, and if it dismisses, the trial court is required to issue the findings of fact and conclusion of law pursuant to R.C. 2953.21(C) & (F).

(Return of Writ, Doc. 8-2, Exh. 49, PageID 541.)   The Ohio Supreme Court affirmed the

judgment of the court of appeals on January 12, 2012.   (Return of Writ, Doc. 8-2, Exh. 50,

PageID 610).

Chattams filed an appeal of the trial court's April 13, 2011, findings of fact and

conclusions of law denying Chattams' petition to vacate conviction.   Chattams raised the

following assignments of error in his brief:

> 1.  Trial Court Errored in it's Findings of Facts.
>
> 2. Trial Court Abused it's Discretion In Denying Appellant's Request for Appointment of Counsel and Petition For Expert Assistance.
>
> 3. Trial Court Abused it's Discretion In Denying Appellant's Petition for Appointment of Counsel and Petition For Expert Assistance.
>
> 4. Trial Court Abused It's Discretion In Denying Defendants Amendment To His Original Post-Conviction Petition.
>
> 5. Trial Court Errored In The Denying The Appellant's Amendment to His Timely Filed Original Post-Conviction Petition, When the Court itself has not issued a Final Appealable Order, and The State has not Responded by answer or Motion in the Case at Hand.
>
> 6. Trial Court Abused It's Discretion by Failing To Hold An Evidentiary Hearing on a) Petitioner Mental Health State and B) Petitioner Amendment to his Original Post-Conviction.
>
> 7. Trial Court Abused It's Discretion by Failing To Hold An Evidentiary Hearing on a) Petitioner Mental Health State and B) Petitioner Amendment to his Original Post-Conviction.
>
> 8. Trial Court Errored In Failing to Issue Findings of Facts and Conclusion of Law In The Denial of His Amendment to His Original Post-Conviction Petition.

(Return of Writ, Doc. 8-2, Exh. 52, PageID 613.) On August 1, 2011, Chattams' motion to

amend his brief to include an additional assignment of error involving ineffective assistance of

counsel was granted and on January 17, 2012, the court of appeals affirmed the judgment of the trial court. (Return of Writ, Doc. 8-1, Exh. 56, PageID 675.)  On January 25, 2012, Chattams filed a motion for reconsideration and a motion to certify a conflict and on March 21, 2012, the court of appeals issued an entry denying the motions for reconsideration and certification. (Return of Writ, Doc. 8-2, Exh. 59, Page ID 696.)

On April 25, 2012, Chattams appealed the January 17, 2012, appellate decision to the Ohio Supreme Court, Case No.12-0716, and forth the following propositions of law in support of jurisdiction:

I.      Trial court did not have the Authority to Deny Defendant's Amendment to his Post Conviction filed on 2-1-2010.

II.     A hearing was mandatory pursuant to R.C. 2953.21 on Defendants Post Conviction Petition and Amendment.

III.    On a Timely File Amendment to a Petition for PostConviction Findings of Fact and Conclusions of Law is Mandatory.

IV.     *Consilio* as Ruled upon in *State v. Consilio*, 114 Ohio St.3d 295, applies to defendant's case.

(Return of Writ, Doc. 8-2, Exh. 61, PageID 697.)  On July 25, 2012, the Ohio Supreme Court denied leave to appeal and dismissed the case because it did not involve any substantial constitutional question. (Return of Writ, Doc. 8-2, Exh. 62, PageID 714.)

# Analysis

**Statute of Limitations**

11

Respondent Warden moves to dismiss this case as barred by the one year statute of limitations set forth in 28 U.S.C. § 2244. For purposes of this case, that year runs from the date Chattams' conviction became final on direct appeal but is tolled under § 2244(d)(2) during the pendency of any properly filed collateral attack on the judgment.

Chattams was convicted in March 2006 and sentenced on May 26, 2006. He took a timely direct appeal to the Twelfth District Court of Appeals which affirmed the conviction on June 19, 2007. His conviction became final forty-five days later on August 3, 2007, when his time for appealing to the Ohio Supreme Court expired. While the direct appeal was pending, Chattams filed a petition for post-conviction relief under Ohio Revised Code § 2953.21. That petition was dismissed on February 23, 2007, and Chattams' appeal to the Twelfth District was dismissed as untimely. However, on July 22, 2010, Chattams filed a petition for writ of mandamus in the Twelfth District to compel Common Pleas Judge Pater to file findings of fact and conclusions of law on his denial of the post-conviction petition. The writ was granted and Judge Pater filed the required findings April 13, 2011. Chattams timely appealed from the judgment embodying those findings, and the final dismissal occurred in the Ohio Supreme Court on July 25, 2012, less than a year before the Petition for Writ of Habeas Corpus was filed here on March 26, 2013.

Petitioner's theory is that the denial of his post-conviction petition did not become final and appealable until Judge Pater filed findings of fact and conclusions of law (Petitioner's Response, Doc. No. 19, PageID 719-21). The Twelfth District, in granting mandamus, held "[u]ntil findings of fact and conclusions of law are filed with respect to that [first post-conviction] petition, respondent's entry denying the petition does not resolve all issues and is not a final appealable order." *State, ex rel Chattams v. Judge Charles Pater*, Butler App. Case No.

CA2010-07-183 (Ohio App. 12th Dist. Dec. 7, 2010)(unreported, copy at Return of Writ, Doc. No. 8-1, Exh.42, PageID 518). Because there was no final appealable order on the post-conviction petition until April 2011, the statute of limitations remained tolled until July 25, 2012. Therefore Respondent's statute of limitations defense should be OVERRULED.

**Procedural Default**

Respondent asserts that Chattams' Second, Fourth, and Fifth Grounds for Relief are barred by his procedural default in presenting them to the Ohio courts (Return of Writ, Doc. No. 8, PageID 72-74).

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

*Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir.2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Respondent asserts these three Grounds for Relief are procedurally defaulted because they were raised in the state courts for the first time in Chattams' Application for Reopening under Ohio R. App. P. 26(B) which the court of appeals dismissed as untimely (Motion to

Dismiss, Doc. No. 8, PageID 72-74).

Chattams does not deny that his 26(B) Application was untimely, but asserts he can show excusing cause and prejudice. First of all, he asserts and Respondent does not deny that it took his appellate attorney thirty days after the appellate judgment to advise him of that judgment. The deadline for filing a 26(B) application is ninety days after the appellate judgment is entered. In this case that happened on June 19, 2007, and the 26(B) Application was not filed until December 21, 2007, 185 days later.

The Twelfth District Court of Appeals denied reopening and dealt with Chattams' stated reason for delay as follows:

> Appellant attempts to explain his late filing by claiming that his appellate counsel waited 30 days after the release of this court's decision before advising him that his conviction had been affirmed, that he had to first appeal this court's decision to the Ohio Supreme Court before he could apply to reopen his direct appeal in this court, and that his limited access to the prison law library coupled with his learning disability all justify the filing of his application beyond the due date set by rule.
>
> It has been determined that, for purposes of App. R. 26, lack of communication with appellate counsel does not amount to good cause. [citations omitted].
>
> Finally, the fact that appellant had an appeal pending in the supreme court does not constitute good cause for the untimely filing of an application to reopen. . . . Appellant could have timely filed an application to reopen even with a pending appeal before the supreme court.

*State v. Chattams,* Butler App. No. CA2006-06-146 (Jan. 15, 2008)(unreported, copy at Doc. No. 8-1, Exh. 21, PageID 278-80.)

The timeliness rule for filing a 26(B) application is an adequate and independent state ground of decision. *Parker v. Bagley,* 543 F.3d 859 (6th Cir. 2008)(noting that *Franklin* was a

capital case); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007)(distinguishing holding in capital cases); *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 342 Fed. Appx. 998 (6th Cir. 2009). A petitioner must show more than an occasional act of grace by a state court by a state court in excusing or disregarding a state procedural rule for a federal court to conclude that the state procedural rule is inadequate because inconsistently applied. *Hutchison v. Bell,* 303 F.3d 720, 737 (6th Cir. 2002), *citing Coleman v. Mitchell*, 268 F.3d 417, 429 (6th Cir. 2001).

Since 1996, "Ohio law has provided sufficient guidance on what constitutes a 'good cause' for a late filing under Rule 26(B)," and "'the time constraints of Rule 26(B) [have been] firmly established and regularly followed.'" *Wogenstahl v. Mitchell*, 668 F.3d 307, 322 (6th Cir. 2012), *quoting Hoffner v. Bradshaw*, 622 F.3d 487, 504-05 (6th Cir. 2010) (*quoting Parker v. Bagley*, 543 F.3d 859, 861 (6th Cir. 2008)). Thus, Rule 26(B) is an adequate and independent ground on which to find procedural default. *Id.*

Chattams asserts that failure to address these three Grounds for Relief on the merits would constitute a "manifest miscarriage of justice." The 'manifest miscarriage" exception to procedural default only applies to cases where a petitioner has produced sufficient new evidence of actual innocence to qualify under *Schlup v. Delo*, 513 U.S. 298 (1995). Chattams has not attempted to show actual innocence, but appears to believe there is an independent manifest miscarriage of justice exception. The "miscarriage of justice" standard, which is sometimes used synonymously with "actual innocence," requires some showing of actual innocence. In other words, they are the same standard, not alternative ways of avoiding a procedural default. *Calderon v. Thompson,* 523 U.S. 538 (1998).

Grounds Two, Four, and Five should therefore be DISMISSED WITH PREJUDICE as

procedurally defaulted.

**Ground One:  Denial of Due Process and Equal Protection in Post-Conviction**

In his First Ground for Relief, Chattams asserts he was denied due process of law and equal protection of the laws when the Butler County Common Pleas Court (1) failed to hold a hearing on his post-conviction petition, (2) failed to allow a timely amendment to that petition, and (3) failed to file findings of fact and conclusions of law at to the claims added by the timely amendment.

The Sixth Circuit has consistently held that procedural due process claims about state post-conviction process are not cognizable in habeas corpus.  *Kirby v. Dutton,* 794 F.2d 245 (6th Cir. 1986); *Cress v. Palmer*, 484 F.3d 844 (6th Cir. 2007). On that basis, Respondent asserts Ground One is not cognizable in this case.

In opposition to this conclusion, Chattams relies on *Floyd v. Alexander*, 148 F.3d 615 (6th Cir. 1998).  In that case the Sixth Circuit refused habeas relief when a petitioner relied on a state law requirement that he be present for entry of a nunc pro tunc judgment.  *Floyd* does not relate in any way to the question of supposed constitutional requirements in post-conviction.

Ground One should be DISMISSED WITHOUT PREJJUDICE for failure to state a claim on which habeas corpus relief can be granted.

**Ground Three (as amended):  Ineffective Assistance of Trial Counsel**

In his amended Third Ground for Relief, Chattams claims he received ineffective

assistance of trial counsel when his trial attorney did not raise a claim regarding the collection of a DNA sample from him.

Chattams asserts that a sample of his DNA was taken from him without his consent while he was incarcerated in 2003 for a robbery conviction which happened on his plea of guilty in 1999. He asserts the sample was taken pursuant to Ohio Revised Code § 2901.07 as it became effective August 29, 2002,[1] but that the General Assembly did not make the statute retroactive. He believes he should have been governed by the version of Ohio Revised Code § 2901.07 which became effective September 1, 1998, because that version was in effect when he pled guilty in 1999. He even asserts that it was one of the terms of his 1999 plea agreement that he would be exempt from DNA sampling. He asserts finally that he first raised this claim in a timely amendment to his post-conviction petition but never received a ruling on the merits.

The purported amendment to the post-conviction petition occurred on February 1, 2010 (Doc. No. 8-1, PageID 426, et seq.). Chattams acknowledged that he had filed his original petition for post-conviction relief on February 14, 2007, almost three years before the amendment. *Id.* at PageID 427. He argued that, because the trial judge had failed to file findings of fact and conclusions of law, the post-conviction case remained open, an argument accepted by the Twelfth District when it granted mandamus. *Id.* His further claim was that, because the State had never answered his original post-conviction petition,[2] he was entitled to amend as a matter of right under Ohio Revised Code § 2953.21(5)(F). *Id.* Substantively, Chattams argued that the crime of which he was convicted in this case remained unsolved for five years, but 15 DNA samples were taken from the scene and sent to the Bureau of Criminal Identification. *Id.* When Chattams' community control sanction on his 1999 conviction was revoked on February 3, 2003,

---

[1] In his amendment, he asserts the relevant effective date is July 11, 2006 (Doc. No. 6, PageID 51).
[2] Judge Pater had dismissed it only one week after it was filed.

he was forced to submit to DNA collection upon arriving at Chillicothe Correctional Institution. *Id.* at PageID 428. When this sample was run by BCI against the CODIS database, Chattams was identified as the person who committed the September 29, 1999, aggravated robbery of which he was convicted in this case. *Id.*

Judge Pater denied Chattams leave to amend (Order of February 3, 2010, Doc. No. 8-1, PageID 452). The Twelfth District held Judge Pater was not required to file findings of fact and conclusions of law as to the amendment. *State of Ohio, ex rel D'Anthony Chattams*, Butler App. Case No. CA2010-07-183 (July 19, 2011)(unreported; copy at Return of Writ, Doc. No. 8-1, Exh. 47, PageID 537.) It cited this decision when it affirmed the denial of post-conviction relief. *State v. Chattams*, Butler App. No. CA2011-05-082 (Jan. 17, 2012)(unreported; copy at Return of Writ, Doc. No. 8-2, Exh. 56, PageID 676-77). The Twelfth District further held it was not ineffective assistance of trial counsel to fail to raise this DNA claim insofar as it relied on *State v. Consilio*, 114 Ohio St. 295 (2006), was not decided until nine months after Chattams was convicted and sentenced and the intermediate appellate decision to the same effect was not controlling law in the Twelfth District. *State v. Chattams*, Butler App. No. CA2011-05-082 (Jan. 17, 2012)(unreported; copy at Return of Writ, Doc. No. 8-2, Exh. 56, PageID 676-77).

Ground Three for Relief is procedurally defaulted because Ohio Revised Code § 2953.21(F) does not on its face permit amendment of a post-conviction three years after it has been dismissed. Judge Pater interpreted the amendment as requiring court permission and denied that permission. Having done so, he was affirmed on appeal. However, procedural default is an affirmative defense which is forfeited if not raised. Fed. R. Civ. P. 8. The Magistrate Judge, in the exercise of judicial discretion, declines to raise the defense *sua sponte*.

When a state court decides on the merits a federal constitutional claim later presented to a

federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Here Chattams presented his ineffective assistance of trial counsel for failure properly to raise the DNA claim to the Ohio courts and they decided the claim against him. In doing so, the Twelfth District applied the controlling Supreme Court precedent, *Strickland v. Washington,* 466 U.S. 668 (1984)(see PageID 676). Its decision to do so was not an unreasonable application of *Strickland* because it is not ineffective assistance of trial counsel to fail to anticipate a change in the law. *Thompson v. Warden*, 598 F.3d 281 (6th Cir. 2010), *citing Lott v. Coyle,* 261 F.3d 594, 609 (6th Cir. 2001).

Accordingly, Chattams' Third Ground for Relief should be DISMISSED WITH PREJUDICE.

**Conclusion**

Although Chattams' Petition was timely filed, it should be dismissed with prejudice as his claims are procedurally defaulted (Grounds Two, Four, and Five), fail to state a claim upon which habeas corpus relief can be granted (Ground One), or are without merit (Ground Three). Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a

certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would

be objectively frivolous.

May 28, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).