# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

D'ANTHONY L. CHATTAMS,

        Petitioner,    :    Case No. 1:13-cv-205

  - vs -        District Judge Sandra S. Beckwith
                Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
Institution,

                       :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 16) to the Magistrate Judge's Report and Recommendations on the merits ("Report," Doc. No. 15). District Judge Beckwith has recommitted the case for reconsideration in light of the Objections (Doc. No. 17).

**Statute of Limitations**

Respondent sought dismissal on the grounds the Petition was barred by the statute of limitations, 28 U.S.C. § 2244. The Magistrate Judge recommended this defense be overruled (Report, Doc. No.15, PageID 786-87). The Warden has not objected and the time for objections has expired. The Court may therefore overrule the limitations defense without further analysis.

1

**Ground One:  Denial of Due Process and Equal Protection in Post-Conviction**

In his First Ground for Relief, Chattams claims he was denied due process and equal protection in the manner in which his petition for post-conviction relief was handled.  The Report recommended dismissing the claim without prejudice as not cognizable in habeas corpus, relying on *Kirby v. Dutton*, 794 F.2d 245 (6th Cir. 1986), and *Cress v. Palmer*, 484 F.3d 844 (6th Cir. 2007)(Report, Doc. No. 15, PageID 791).  While Chattams says he objects to "all the recommendations of the Magistrate," (Objections, Doc. No. 16, PageID 796), he makes no mention of Ground One at all.  A general objection has the same effect as a failure to file altogether.  *Howard v. Sec. of Health and Human Services,* 932 F.2d 505 (6th Cir. 1991).  The reason is that failure to focus the district court's attention on any specific issues makes the initial reference useless and undermines the purpose of the Magistrate's Act.  *Id*. at 509.  "A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report."*Id.*,  quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988), and citing *Branch v. Martin*, 886 F.2d 1043, 1046 (8th  Cir. 1989) and *Goney v. Clark*, 749 F.2d 5, 7 (3rd  Cir. 1984).

Because Chattams makes only a very general objection as to Ground One, his objection should be overruled and Ground One dismissed with prejudice for failure to state a claim upon which habeas corpus relief can be granted.

**Procedural Default**

Respondent sought dismissal of Grounds for Relief Two, Four, and Five on the basis that Chattams procedurally defaulted in his presentation of these claims to the Ohio courts (Return of Writ, Doc. No. 8, PageID 82-74). The Report agreed and recommended dismissal of these three Grounds on that basis (Report, Doc. No. 15, PageID 787-91).

Respondent asserted and Chattams did not deny that the first time these three claims were raised was in Chattams' Application to Reopen his direct appeal under Ohio R. App. P. 26(B). The Twelfth District Court of Appeals dismissed that Application on grounds it was untimely. *State v. Chattams*, Butler App. No. CA2006-06-146 (January 15, 2008)(unreported, copy at Return of Writ, Doc. No. 8-1, Ex. 21, PageID 278-80). The court of appeals had decided the direct appeal on June 19, 2007, and Chattams did not file the Application to Reopen until December 21, 2007, 185 days later. The Report concluded that Ohio has a procedural rule requiring applications to reopen to be filed within ninety days of judgment, that that rule was enforced against Chattams in this case, that the rule is an adequate and independent state procedural basis for decision, and that Chattams had not shown excusing cause and prejudice. (Report, Doc. No. 15, PageID 789-90); See *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

The cause for delay that Chattams argued to the court of appeals was the failure of his appellate attorney to send him a copy of the court of appeals' decision until thirty days after it was handed down. The court of appeals rejected that argument, holding "[i]t has been determined that, for purposes of App. R. 26, lack of communication with appellate counsel does not amount to good cause." *State v. Chattams, supra,* at PageID 279. The Report concluded on the same basis that Chattams had not shown cause and prejudice for this procedural default.

Chattams now objects that it is not "lack of communication," but ineffective assistance of appellate counsel on which he relies (Objections, Doc. No. 16, PageID 797-803). That is, he asserts that failure of an appellate attorney to furnish a client with a copy of the appellate court's decision until thirty days after it is issued constitutes ineffective assistance of appellate counsel.

Notifying a client of an adverse decision at the court of appeals level is part of the duty of appellate counsel and failure to do so is ineffective assistance of appellate counsel. *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426 (6th Cir. 2006). Assuming[1] appellate counsel failed to notify Chattams until thirty days after the decision, that constituted ineffective assistance of appellate counsel, as the Sixth Circuit held in *Smith*.

Appellate counsel's thirty day delay in forwarding the decision is not, however, sufficient cause to excuse the delay in filing the 26(B) Application. The total time allowed by Rule 26(B), which the Sixth Circuit has held to be enforceable, is 90 days. If we subtract the thirty days appellate counsel waited, Chattams still had sixty days to file within the Rule. He took another 155 days. In other words, his appellate counsel's delay cannot excuse all the time he took. The appellate counsel's deficient performance does not create an indefinite extension.

Chattams appears to have claimed in the court of appeals that he had to file in the Ohio Supreme Court first before he could file the 26(B) Application. He continues in his objections to discuss his very short time frame for filing an appeal in the Ohio Supreme Court after he got the court of appeals' decision (Objections, Doc. No. 16, PageID 799). But that is not the delay that is in issue, but rather his delay in filing the 26(B) Application. Under Ohio law, as the court of

---

[1] Chattams claims the only way he can prove he sought timely notice from his attorney and did not get it is by submitting correspondence between him and his attorney, which he says he cannot do without an evidentiary hearing (Objections, Doc. No. 16, PageID 797-98). The Magistrate Judge disagrees. Documentary evidence can be submitted by way of a motion to expand the record under Habeas Rule 7. However, there is no need to file such a motion because the Magistrate Judge at this point accepts as true Petitioner's assertion about when he was notified.

appeals noted, the 90-day rule is applicable to all appellants, whether or not they appeal to the Ohio Supreme Court.  See *State v. Chattams, supra*, PageID 280, *citing State v. Winstead*, 74 Ohio St. 3d 277 (1996); *State v. Farrow*, 115 Ohio St. 3d 205 (2007).

Chattams asserts that, in addition to appellate counsel's delay, there are other circumstances which excuse this procedural default.  He says appellate counsel did not inform him of deadlines either for a direct appeal to the Ohio Supreme Court or for filing a 26(B) application (Objections, Doc. No. 16, PageID 802).  But after she completed representation in the court of appeals, his appellate counsel was not under a duty to advise him of additional deadlines.  He claims he worked first on his direct appeal to the Ohio Supreme Court, but, as the court of appeals held, Ohio law expects those two processes to proceed in tandem.  He notes that Lebanon Correctional is a "close camp" where inmate movement is regulated by a pass system.  *Id.*  Neither Ohio nor federal law recognizes an exception for such circumstances.  The Sixth Circuit has held the shorter 45-day time limit on appeal to Ohio Supreme Court is an adequate and independent state ground.  *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)(citations omitted).  Lack of counsel at that stage, lack of a trial transcript, unfamiliarity with the English language, and short time for legal research in prison do not establish cause to excuse this default.  *Id.*, *citing Murray v. Carrier,* 477 U.S. 478, 494-95 (1986).

Finally, Chattams claims he has a learning defect and mental health issues for which he is in treatment (Objections, Doc. No. 16, PageID 802).  But cause to excuse a procedural default must be something external to the petitioner.  *Hartman v. Bagley,* 492 F.3d 347, 358 (6th Cir. 2007); *Murray v. Carrier*, 477 U.S. 478 (1986).

Chattams Objections to the Report's recommendation that Grounds Two, Four, and Five should be dismissed as procedurally defaulted are without merit and should be overruled.

**Ground Three: Ineffective Assistance of Trial Counsel for Failure to Raise DNA Issue**

In his Third Ground for Relief, Chattams asserted he received ineffective assistance of trial counsel when his attorney did not raise the claim that a DNA sample should not have been taken from him when he was incarcerated in 2003 on revocation of conditional release for a 1999 robbery conviction. Chattams claim is that the DNA statute which applies to him is the one that was in effect when he committed the other[2] 1999 robbery, not the one that came into effect the year before his probation was revoked. It was the DNA sample taken upon his reincarceration that linked him to the crime in this case.

The Twelfth District Court of Appeals held it was not ineffective assistance of trial counsel to fail to raise this "non-retroactivity" claim because the case on which Chattams relies, *State v. Consilio*, 114 Ohio St. 3d 295 (2006), was not decided until nine months after Chattams was convicted (See Decision at Return of Writ, Doc. No. 8-2, Ex. 56, PageID 676-77). Because the Twelfth District decided the constitutional claim made here on the merits, the Report concluded this Court must defer to that decision because it is not an objectively unreasonable application of clearly established Supreme Court precedent (Report, Doc. No. 15, PageID 793-94).

Chattams argues that trial counsel was ineffective for not bringing to the trial court's attention the decision of the Ninth District Court of Appeals in *State v. Consilio*, 2006-Ohio-649, 2006 Ohio App. LEXIS 584 (9th Dist. Feb. 15, 2006). The court of appeals dealt with this argument on appeal from denial of Chattams' post-conviction petition and held:

> ¶ 4 Chattams' fourth, fifth, and "supplemental" assignments of error are overruled because *State v. Consilio*, 114 Ohio St.3d 295,

---

[2] The crime of conviction in this case is also a 1999 robbery.

> was not decided until nine months after Chattams had been convicted and sentenced. Also, the alleged failure of his trial counsel to bring to the trial court's attention *State v. Consilio*, Summit App. No. 22761, 2006-0hio-649, does not qualify as conduct that falls below an objective standard of reasonableness, and thus does not qualify as constitutionally ineffective assistance of counsel, because the Ninth Appellate District's decision in that case was only a 2-1 decision, which was not controlling in this district, and a trial counsel's strategic and tactical choices must be given broad deference. See *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052.

*State v. Chattams,* Butler App. No. CA2011-05-082 (Ohio App. 12th Dist. Jan. 17, 2012)(Unreported, copy at Return of Writ, Doc. No. 8-2, Ex. 56, PageID 676.)

Chattams complains that the Twelfth District "never examined said issue under the dictates of *Strickland v. Washington*." (Objections, Doc. No. 16, PageID 804.)  To the contrary, the court of appeals cites *Strickland* in the very paragraph of their decision denying this claim.

The court of appeals noted that the intermediate appellate decision in *Consilio* was not binding in the Twelfth District.  Chattams argues in response that "this case was not a prevailing norm for any district, for it was the 1st of it's [sic] kind." (Objections, Doc. No. 16, PageID 805.) But that fact cuts against Chattams' position.  If the rule in *Consilio* had been adopted by other intermediate appellate courts, Chattams' position that his trial lawyer should have argued that it should be adopted in the Twelfth District would have been stronger.  The point is that, at the time Chattams made the 9th District *Consilio* decision available to his trial attorney, it was the law only in the Ninth Appellate District.  It is not ineffective assistance of trial counsel to fail to anticipate a change in the law.  *Thompson v. Warden*, 598 F.3d 281, 288 (6th Cir. 2010), *citing Lott v. Coyle,* 261 F.3d 594, 609 (6th Cir. 2001)(not ineffective assistance of appellate counsel to fail to anticipate *State v. Foster* in an appellate district which had ruled the other way.) *Accord, Carter v. Timmerman-Cooper*, 2010 U.S. App. LEXIS 10549 (6th Cir. 2010).

7

Chattams focuses on the asserted illegality of the DNA sample taken from him pursuant to Ohio statute.  But the Supreme Court has now confirmed that when an officer makes an arrest supported by probable cause for a serious offense and brings the suspect to the station to be detained in custody, taking and analyzing a cheek swab of the arrestee's DNA is, like fingerprinting and photographing, a legitimate police booking procedure that is reasonable under the Fourth Amendment.  *Maryland v. King,* 133 S. Ct. 1958; 186 L. Ed. 2d 1 (2013).

**Conclusion**

Chattams' Objections are unpersuasive.  It is therefore again respectfully recommended that the Petition herein be dismissed with prejudice and Chattams be denied a certificate of appealability and leave to appeal *in forma pauperis*.

June 24, 2014.

Jun 25 2014 8:13 AM

X  *Michael R. Merz*
Michael R. Merz

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected

8

to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).