**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
OHIO
WESTERN DIVISION**

D'Anthony L. Chattams,                     )
                                           )
                    Petitioner,            ) Case No. 1:13-CV-205
                                           )
         vs.                               )
                                           )
Warden, Lebanon Correctional              )
Institution,                               )
                                           )
                    Respondent.            )

O R D E R

     This matter is before the Court on Petitioner D'Anthony L. Chattams's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 3), Magistrate Judge Merz's Report and Recommendation (Doc. No. 15) recommending that Petitioner's petition be denied, Petitioner's objections to the Report and Recommendation (Doc. No. 16), Magistrate Judge Merz's Supplemental Report and Recommendation (Doc. No. 18), and Petitioner's objections to the Supplemental Report and Recommendation (Doc. No. 19).  For the reasons that follow, Petitioner's objections to both of Magistrate Judge Merz's Reports and Recommendations are not well-taken and are **OVERRULED.**  The Court **ADOPTS** both Reports and Recommendations.  Petitioner's petition for a writ of habeas corpus is not well-taken and is **DENIED.**  Petitioner's petition is **DISMISSED WITH PREJUDICE.**

I. Background

     Magistrate Judge Merz has done an exemplary job setting out the rather labyrinthine procedural history of the state court proceedings relevant to Petitioner's

habeas petition in his Report and Recommendation. The Court will not endeavor to re-plow that ground here.

In March 2005, the grand jury in Butler County, Ohio indicted Petitioner for the 1999 aggravated robbery of a pawn shop in Hamilton, Ohio. The crime remained unsolved for a number of years. During the robbery, however, Petitioner struggled with the owner of the shop over a pistol and left behind a blood stain. Samples of the blood stain went into a DNA database.

In the meantime, Petitioner pleaded guilty to an unrelated robbery, served out this prison term, and was released on community control. In February 2003, Petitioner's community control on this offense was revoked and he was returned to prison. Petitioner was compelled to provide a DNA sample upon re-entering the prison pursuant to Ohio Rev. Code § 2901.07. Based on this new DNA sample, the police were able to identify Petitioner as the perpetrator of the pawn shop robbery. After a two-day trial in March 2006, a jury found Petitioner guilty of the aggravated robbery of the pawn shop. In May 2006, the trial court sentenced him to a 10-year term of imprisonment.

Petitioner filed a timely appeal to the Ohio Court of Appeals which raised three assignments of error: 1) the trial court denied Petitioner's right to due process by refusing to continue the trial; 2) the trial court violated the Ex Post Facto and Due Process Clauses by sentencing Petitioner to more than the minimum term of imprisonment; and 3) the trial court erred in determining the amount of restitution owed. On June 19, 2007, the court of appeals issued a brief entry overruling each of Petitioner's assignments of error and affirming the trial court's judgment.

Petitioner did not file a timely appeal of the court of appeals' judgment to the

2

Supreme Court of Ohio.  He claims in his petition that his appellate counsel did not inform him of the decision denying his direct appeal until 30 days after it was issued. On November 16, 2007, however, Petitioner filed a motion with the Supreme Court of Ohio to file a delayed appeal of the court of appeals' judgment.  The Supreme Court of Ohio denied this motion on December 26, 2007.

On December 21, 2007, Petitioner filed a motion with the court of appeals to reopen his direct appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure.  Petitioner's motion to reopen his direct appeal raised five new assignments of error.  On January 15, 2008, the court of appeals filed an entry finding that Petitioner's motion to reopen was untimely and that he had not established good cause for filing the motion out of time.  The court, therefore, denied Petitioner's motion to reopen his appeal.  The Supreme Court of Ohio denied Petitioner's appeal from the judgment denying his motion to reopen as not involving any substantial constitutional question.

In the meantime, on February 16, 2007, Petitioner filed a motion with the trial court to vacate or set aside his conviction and sentence on the grounds of ineffective assistance of trial counsel.  The trial court denied this motion a week later.  Petitioner did not attempt to appeal this judgment until July 2007.  In August 2007, the court of appeals dismissed his appeal because he was unclear whether he was appealing the court of appeals' decision denying his direct appeal or the trial court's denial of his motion for post-conviction relief.  Petitioner did not appeal the court of appeals' dismissal of this appeal to the Supreme Court of Ohio.

Petitioner then filed numerous motions to vacate his conviction, for

3

reconsideration, and to file delayed appeals - none of which ultimately proved to be successful.  It appears that Petitioner exhausted all of his state avenues for relief in July 2012, when the Supreme Court of Ohio declined to review the court of appeals' decision affirming the trial court's judgment denying his motion to vacate conviction.

Petitioner then filed a petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254 which raised five assignments of error: 1) the trial court erred by not holding a hearing on his post-conviction relief petition, by not allowing an amendment to his post-conviction relief petition, and by not issuing findings of fact and conclusions of law on his post-conviction relief petition; 2) appellate counsel was ineffective for failing to notifying him in a timely manner of the court of appeals' decision denying his direct appeal; 3) his rights under the Fourth and Fourteenth Amendments were violated when the state collected DNA samples from him in violation of state law; 4) appellate counsel was ineffective for failing to raise and argue a number of issues on his direct appeal; and 5) trial counsel was ineffective for not filing a brief in support of a motion to suppress DNA evidence as ordered by the trial court.  Petitioner later amended his third assignment of error to allege that both trial and appellate counsel were ineffective for not arguing that he was not subject to mandatory DNA collection when his community control was revoked in 2003 because the amendments to Ohio Rev. Code § 2907.01 authorizing DNA sampling from his category of felon did not apply retroactively.

In May 2014, Magistrate Judge Merz issued a Report and Recommendation (Doc. No. 15) recommending that Petitioner's habeas petition be denied, that the Court not issue a certificate of appealability, and that the Court deny Petitioner leave to appeal in forma pauperis.

4

After finding that Respondent's statute of limitations defense was not well-taken, Judge Merz first concluded that Petitioner's second, fourth, and fifth assignments of error were procedurally defaulted because he did not raise them in state court until filing his untimely Rule 26(B) motion to reopen his direct appeal.  Judge Merz then found that Petitioner's first assignment of error, which alleged due process and equal protection violations in his post-conviction relief proceedings, is not cognizable in federal habeas proceedings.  Finally, with respect to Petitioner's third assignment of error, Judge Merz found that the state court did not unreasonably apply Strickland v. Washington, 466 U.S. 668 (1984), in determining that his trial counsel and appellate counsel were not ineffective for not contesting the collection of DNA from him.  In doing so, Judge Merz deferred to the state court's determination that trial counsel was not ineffective for not anticipating that Ohio courts would later rule that the statute authorizing DNA collection could not be applied retroactively to prisoners sentenced before the effective date of the amendments.

Petitioner filed objections to the Report and Recommendation (Doc. No. 16). Judge Merz then filed a Supplemental Report and Recommendation (Doc. No. 18) addressing Petitioner's objections.  Petitioner also filed objections to the Supplemental Report and Recommendation (Doc. No. 19).

## II. Standard of Review

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, the district court shall not grant a petition for a writ of habeas corpus on any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim:

5

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court  proceeding.

28 U.S.C. § 2254(d).

A state-court opinion violates the "unreasonable application" clause of § 2254 when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 413 (2000).  A state-court opinion will also involve the "unreasonable application" of Supreme Court precedent if it "either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context." Seymour v. Walker, 224 F.3d 542, 549 (6th Cir. 2000).  The Supreme Court stated that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409.  In defining the meaning of the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 411.

Pursuant to Fed. R. Civ. P. 72(b), this Court reviews de novo Magistrate Judge Merz's Report and Recommendation.

III.  Analysis

6

The Court first notes that Petitioner has not objected to Judge Merz's determination that his first assignment of error is not cognizable in federal habeas proceedings. And, indeed, Judge Merz correctly resolved this claim. See Alley v. Bell, 307 F.3d 380, 387 (6th Cir. 2002) ("[E]rror committed during state post-conviction proceedings can not provide a basis for federal habeas relief."). The Court takes up the remainder of Petitioner's objections seriatim.

A. Procedural Default

Judge Merz concluded that Petitioner procedurally defaulted his second, fourth and fifth assignments of error by not raising them until he filed his untimely Rule 26(B) motion to reopen his direct appeal. Petitioner asserts the alleged ineffectiveness of his trial counsel in not notifying him in a timely fashion of the court of appeals' decision denying his direct appeal as grounds to excuse the procedural default of these claims.

Failure to file a timely motion to reopen an appeal under Rule 26(B) of the Ohio Rules of Appellate Procedure is sufficient grounds to find that a claim is procedurally defaulted. Scuba v. Brigano, 527 F.3d 479, 488 (6th Cir. 2007); Baker v. Bradshaw, 495 Fed. Appx. 560, 565 (6th Cir. 2012). As Petitioner asserts, ineffective assistance of appellate counsel in the form of delaying notifying him of the results of his direct appeal can serve as cause to excuse an otherwise procedurally defaulted claim. Smith v. State of Ohio, Dep. of Rehab. & Corr., 463 F.3d 426, 433-35 (6th Cir. 2006).[1] Even if,

---

[1] As Magistrate Judge Merz correctly found in his Report and Recommendation, Petitioner's alleged mental illness and learning disabilities, as well as his alleged lack of access to a law library in prison, do not constitute cause to excuse a procedural default. Bonilla v. Hurley, 370 F.3d 494, 498 (6th Cir. 2004); Johnson v. Wilson, 187 Fed. Appx. 455, 457-58 (6th Cir. 2006).

7

however, Petitioner shows that appellate counsel's performance was deficient, he still must establish prejudice resulting from counsel's error in order to overcome the procedural default. Id. at 435.  Where the petitioner alleges that appellate counsel's error caused him to forfeit a further appeal of his case, in order to establish prejudice he must show that the time period between when he learned of the decision and when he attempted to appeal the decision falls within the time allotted by state law for filing a timely appeal. Id.  Stated another way, if, after learning of the court's decision, the petitioner takes longer to attempt to appeal the decision than state law allows for filing a timely appeal, he has not been prejudiced by counsel's error and the procedural default will not be excused.

In this case, the court of appeals denied Petitioner's direct appeal on June 19, 2007 and, crediting his contention, his appellate counsel did not notify him of the decision until 30 days later, or about July 19, 2007.  The Supreme Court of Ohio Rules of Court allow 45 days to file an appeal from a judgment of the court of appeals.  Ohio S.Ct. Prac. R. 7.01(A)(1)(a)(i).  Ohio Rule of Appellate Procedure 26(B)(1) requires a motion to reopen a direct appeal to be filed 90 days after the journalization of the appellate judgment unless the appellant shows good cause for filing at a later time.  As indicated in Judge Merz's Report and Recommendation, after learning of the disposition of his direct appeal, Petitioner did not file a motion with the Supreme Court of Ohio to file a delayed appeal until November 16, 2007, almost four months later, and he did not file his Rule 26(B) motion to reopen his appeal with the court of appeals until December 21, 2007, more than five months later.  In both instances, Petitioner delayed well-beyond the 45-day period allotted by Ohio Supreme Court Rule 7.01(A)(1)(a)(i) and the

8

90-day period allotted by Ohio Appellate Rule 26(B) to attempt to obtain review of his procedurally defaulted claims. Petitioner, therefore, has not established that he was prejudiced by appellate counsel's delay in notifying him of the court of appeals' decision on his direct appeal.

Accordingly, Magistrate Judge Merz correctly determined that Petitioner procedurally defaulted his second, fourth and fifth assignments of error.

## B. Ineffective Assistance of Counsel

Petitioner's third assignment of error argues that his trial and appellate counsel were ineffective for not challenging and/or moving to suppress DNA evidence collected from him when he returned to prison after his community control was revoked on an unrelated conviction. At the time of Petitioner's guilty plea in the unrelated case, 1999, Ohio Rev. Code § 2901.07, did not authorize the collection of DNA samples from prisoners, like Petitioner, who had been convicted of robbery.[2] Petitioner also claims that his plea agreement with the prosecution specifically exempted him from DNA sampling.

In May 2002, in HB 427, the Ohio General Assembly amended § 2901.07 by expanding the class of felons required to submit to DNA testing. Among other changes, HB 427 added persons convicted of robbery and aggravated robbery to the list of inmates subject to DNA testing. In May 2005, the Ohio General Assembly amended § 2901.07 again in HB 525 to authorize taking DNA samples from all felons as well as

---

[2]        Under this version of the statute, DNA testing was limited to prisoners convicted of violent crimes such as murder, rape and other sex offenses, kidnaping, and aggravated burglary.  Ohio Rev. Code § 2901.07 (West 1999).

9

persons convicted of certain misdemeanor offenses. Just prior to Petitioner's trial, the Ninth District Court of Appeals ruled that § 2901.07 as amended by HB 525 could not be applied retroactively. State v. Consilio, No. 22761, 2006 WL 335646 (Ohio Ct. App. Feb. 15, 2006). The Supreme Court of Ohio later affirmed the Ninth District by holding that § 2901.07 as amended by HB 525 could not be applied retroactively to persons convicted before the effective date of the amendments. State v. Consilio, 871 N.E.2d 1167 (Ohio 2007). It appears that DNA samples were collected from Petitioner in 2003 under the aegis of HB 427.

Petitioner contended that his trial and appellate counsel were ineffective for not arguing that the Ninth District Court of Appeals' decision in Consilio required suppression of the DNA evidence collected from him in 2003. In addressing this argument, the court of appeals ruled that counsel was not ineffective for not bringing Consilio to the trial court's attention because it was a non-binding, 2-1 decision. The court also noted that the Ohio Supreme Court's decision in Consilio was not decided until after Petitioner's conviction. Doc. No. 8-2, at 136. Magistrate Judge Merz concluded that the court of appeals basic determination that counsel was not ineffective for not anticipating a change in the law was not an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Petitioner is not entitled to relief on this claim for any number of reasons.

First, as Magistrate Judge Merz noted, trial counsel is not ineffective for not anticipating a change in the law unless the resolution of the issue was clearly foreshadowed by existing decisions. Thompson v. Warden, Belmont Corr. Inst., 598 F.3d 281, 288 (6th Cir. 2010). In Petitioner's case, the Ninth District's decision in

10

Consilio was at the time apparently the only case to conclude that HB 525 could not be applied retroactively.  The Supreme Court of Ohio did not issue its opinion in Consilio until after the court of appeals affirmed Petitioner's conviction and sentence on direct appeal.  Nothing in the scant body of case law existing at the time of Petitioner's prosecution and direct appeal foreshadowed a conclusion that HB 525 (or HB 427 for that matter) could not be applied to prisoners whose convictions pre-dated the amended statute.

Second, Petitioner wrongly presumes that the DNA evidence would have been suppressed had counsel raised Consilio in the trial and appellate courts.  Consilio, however, would not necessarily have required suppression of the DNA evidence.  In Consilio, the defendant, whose conviction predated HB 525, had never given a DNA sample and opposed the trial court's order that he report to the probation office to provide one.  See 871 N.E.2d at 1170.  Neither of the Consilio decisions addressed whether DNA collected from prisoners like Petitioner in reliance on HB 525 or HB 427 would have to be suppressed in a subsequent prosecution for a different crime.

Third, in order for a prisoner to prevail on an ineffective assistance of counsel claim based on a failure to file a motion to suppress, to demonstrate prejudice, he must show that a motion to suppress would have been meritorious and a reasonable probability that the verdict would have been different absent the excludable evidence. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).  In this case, the prison collected DNA from Petitioner as a matter of routine pursuant to the statute then in effect.  Even had the trial court determined that HB 427 and HB 525 could not be applied retroactively, the good faith exception to the exclusionary rule likely would have allowed

11

the DNA evidence to be admitted at trial.  See, e.g., United States v. Buford, 632 F.3d

264, 276 (6th Cir. 2011) (good faith exception applied to search conducted by police

officers based on their reasonable reliance on case law that was later overturned).

Fourth, Petitioner has essentially presented only a claim that DNA was collected

from him in violation of state law.  A violation of state criminal procedure, however, does

not necessarily constitute a Fourth Amendment violation.  United States v. Beals, 698

F.3d 248, 263-64 (6th Cir. 2012).  The U.S. Supreme Court recently held that the

routine collection of DNA from arrestees is essentially no different than fingerprinting

arrestees and is, therefore, a reasonable booking procedure under the Fourth

Amendment.  Maryland v. King, 133 S. Ct. 1958, 1980 (2013).  In this case, DNA was

collected from Petitioner upon his return to prison under circumstances materially the

same as taking DNA samples during the booking of an arrestee.  Consequently,

Petitioner's Fourth Amendment rights were not violated when the prison collected DNA

samples from him when his community control was revoked.  Whether the institution did

so in violation of state law is not an issue cognizable in this habeas proceeding.  Bey v.

Bagley, 500 F.3d 514, 519 (6th Cir. 2007).

Accordingly, for all of the reasons stated, Petitioner's third assignment of error is

not well-taken.

Conclusion

For the foregoing reasons, Petitioner's objections to Magistrate Judge Merz's

Report and Recommendation and Supplemental Report and Recommendation are not

well-taken and are **OVERRULED.**  The Court **ADOPTS** the Report and

Recommendation and the Supplemental Report and Recommendation.  Petitioner's

12

application for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

A certificate of appealability will not issue with respect to this order because under the first prong of the applicable two-part standard established in <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural rulings.  Additionally, Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists could not debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." <u>Id.</u> at 483-84.  Petitioner remains free to request issuance of the certificate of appealability from the Court of Appeals.  <u>See</u> 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

With respect to any application by Petitioner to proceed on appeal <u>in forma pauperis</u>, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith.  Therefore, Petitioner is **DENIED** leave to appeal <u>in forma pauperis</u>.  <u>See</u> Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED**

Date August 11, 2014                        s/Sandra S. Beckwith
                                            Sandra S. Beckwith
                                            Senior United States District Judge

13